IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv77

BARBARA NEWMAN,                         )
                                        )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    MEMORANDUM AND
                                        )    RECOMMENDATION
TRIBAL CASINO GAMING                    )
ENTERPRISE,                             )
                                        )
    Defendant.                          )
_____ )

Pending before the Court is the Motion to Dismiss [# 15]. Plaintiff, who is proceeding *pro se*, brought this action against Defendant asserting claims of employment discrimination. Plaintiff contends that Defendant discriminated against her because of her age by terminating her employment as a casino dealer and failing to interview her for another position. Defendant now moves to dismiss the claims asserted in the Amended Complaint. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 15].

I.   Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th

Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

A motion to dismiss based on Rule 12(b)(1) goes to whether the Court has subject-matter jurisdiction to hear the dispute. Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which the Court can base subject matter jurisdiction, the Court, like ruling on a motion to dismiss pursuant to Rule 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the Court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the Court's exercise of jurisdiction over the dispute. Kerns v. U.S., 585 F.3d 187, 192-93 (4th Cir. 2009); Adams, 697 F.2d at 1219. Here, the Court has examined only the factual

-3-

Case 1:17-cv-00077-MR-DLH    Document 23    Filed 09/08/17    Page 3 of 7

allegations as alleged in the Amended Complaint and the documents Plaintiff incorporated into the Amended Complaint in ruling on Defendants' Rule 12(b)(1) motions. As such, the Court has considered as true the well-pled factual allegations in the Amended Complaint. Consumeraffairs.com, 591 F.3d at 255; Adams, 697 F.2d at 1219.

## II. Analysis

District Courts are courts of limited jurisdiction and possess only the jurisdiction to hear cases as authorized by the United States Constitution and federal statute. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. An Indian tribe such as the Easter Band of Cherokee Indians, however, is generally immune from suit in federal court based on the doctrine of tribal sovereign immunity; an Indian tribe is only subject to suit if specifically authorized by Congress or the tribe waives its immunity from suit. Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S. Ct. 1700, 1702 (1998). The doctrine of tribal sovereign immunity applies to both governmental and commercial activities. Id. This Court has previously held that Defendant Tribal Casino Gaming Enterprise is an arm of the Eastern Band of Cherokee Indians and, thus, subject to tribal sovereign immunity. Madewell v.

Harrah's Cherokee Smokey Mountains Casino, No. 2:10cv8, 2010 WL 2574079, at *3 (W.D.N.C. May 3, 2010) (Howell, Mag. J).

Although the United States Court of Appeals for the Fourth Circuit has not yet addressed this issue, other federal courts have held that federal age discrimination claims brought pursuant to the ADEA are subject to tribal sovereign immunity. Williams v. Poarch Bank of Creek Indians, 839 F.3d 1312 (11th Cir. 2016) (collecting cases); see also Tremblay v. Mohegan Sun Casino, 599 F. App'x 25, 25-26 (2nd Cir. 2015) (unpublished). As the Eleventh Circuit held in Williams, "the weight of authority in federal courts supports upholding the right of the Poarch Band to tribal sovereign immunity from a claim based upon the ADEA." 839 F.3d at 1325. This Court agrees with those federal courts that have held that ADEA claims are subject to tribal sovereign immunity because Congress did not specifically abrogate tribal immunity when it enacted the ADEA. Thus, absent a showing by Plaintiff that the Eastern Band of Cherokee Indians or Defendant has specially waived its immunity from suit in this case, Defendant is entitled to immunity from suit for the age discrimination claims asserted by Plaintiff in the Amended Complaint. Plaintiff, however, has made no such showing, and the Amended Complaint is devoid of any factual allegations supporting a waiver of immunity by the Eastern Band of Cherokee Indians. Accordingly, the Court

**RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 15].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] and **DISMISS** the Amended Complaint pursuant to Rule 12(b)(1).

Signed: September 8, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).